GLADNEY, Judge.
This suit was instituted by Nathan Hardin and his wife, Carrie Hardin, against the Canal Insurance Company and Indemnity Insurance Company of North America, the respective insurers of L. D. Willis, the owner of a taxicab and Aluminum Awning and Jalousie Company, Inc., the owner of a Chevrolet pick-up truck. Both of the insured vehicles were involved in an inter-sectional collision in Bossier City in which personal injuries were sustained by the plaintiffs. After a trial, the court rendered judgment awarding damages to each of plaintiffs against both insurers. From the decree so rendered, both defendants have appealed and plaintiffs have answered the the appeal asking increases of the awards.
A collision between the above described vehicles occurred on August 8, 1958, about 4:30 o’clock p. m., at which time both plaintiffs were fare paying passengers in the taxicab being driven by Dallas C. Davidson. When the taxi which was proceeding easterly along Barksdale Boulevar4 arrived at its intersection with Hamilton Lane, it came to a stop in the innermost north lane immediately behind a vehicle also stopped, in obedience to a traffic signal light which controls traffic at the intersection. At this time Y. L. Dozier, accompanied by a co-employee, Fred Womack, was driving *239 the pick-up truck in a westerly direction on Barksdale Boulevard approaching the intersection. The accident occurred when the taxicab attempted to make a left turn for the purpose of proceeding north on Hamilton Lane, and Dozier attempted to cross the intersection to continue along Barksdale Boulevard.
A few significant facts relating to the locus of the accident may be helpful in understanding the issues involved. Barks-dale Boulevard is a thoroughfare approximately sixty feet in width, running generally in an east and west direction. It is divided into six lanes, the north and south of which are utilized for parking and the other four are divided between eastbound and westbound traffic. A conventional overhead traffic signal light is suspended above the center of the intersection.
The record includes the testimony of the two plaintiffs, the driver of the taxicab, Dallas C. Davidson, the two occupants of the Chevrolet truck, Y. L. Dozier and Fred Womack, A. J. Henry, and J. B. Plummer.
A. J. Henry, a disinterested witness, at the time the two cars collided was seated at his desk in the Motes Motor Company, 1201 Barksdale Boulevard, and observing the intersection through a window of his office. The building is situated sixty feet from the northwest corner of the intersection. He testified that he observed the taxicab stopped at the light and at that moment the Chevrolet truck was moving westerly approximately one hundred to one hundred fifty feet east of the intersection, and that when the signal light turned green, the taxi made a left turn into Hamilton Lane and the truck kept coming with the result that the two vehicles collided. He said that he did not remember how many, but recalls there were several cars stopped and headed west on Barksdale Boulevard; and that when the taxi commenced its left turn, the stopped vehicles headed west on Barks-dale Boulevard had not started up, and at that time the truck was approximately fifty feet from the intersection proceeding at about twenty miles per hour. He saw the cars come together in the middle of the intersection near the north traffic lane of Barksdale Boulevard. It was his testimony there was no obstruction to the vision of the driver of the pick-up truck that could prevent the observation of the taxicab commencing its left turn.
Dozier testified that when he reached a point about twenty-five feet east of Hamilton Lane, the traffic signal turned from red to green and he continued on into the intersection at a speed of about twenty miles per hour; that there were no vehicles ahead of him and none traveling west; that there was a truck traveling east in the innermost eastbound traffic lane, and behind the truck was the taxicab, which he saw for the first time when it pulled out from behind the truck and turned left. He said he applied his brakes but could not stop.
Womack, in the main, corroborated the testimony of Dozier. He stated there were not any trucks or cars to their left which were westbound on Barksdale Boulevard.
J. B. Plummer, a member of the Bossier Police Department, investigated the accident. He placed the point of impact as near the center line between the two westbound traffic lanes of Barksdale Boulevard and near the east line of the intersection. His testimony is consistent with that of A. J. Henry on this point.
Dallas C. Davidson, the driver of the taxicab, gave a somewhat different version of the accident from that of the other witnesses. He testified that as he commenced his left turn a truck headed west on Barks-dale Boulevard had stopped at the east edge of Hamilton Lane in the innermost westbound traffic lane, pulled out upon the green light and began a left turn for the purpose of proceeding southerly on Hamilton Lane, and that because of this maneuver he drove his taxicab in such a manner as to pass the truck on its left side. He testified he first saw the Chevrolet truck when it was about two hundred feet away and was trav *240 eling about forty or fifty miles per hour and he judged he would be able to complete his left turn without interference. He stated when approximately two-thirds across the two north traffic lanes of Barksdale Boulevard the taxicab was struck near the right rear door by the truck.
We have purposely omitted reference to the testimony of Nathan and Carrie Hardin, elderly, uneducated colored persons, for the reason these witnesses were obviously confused and their statements conflicting.
It is our appreciation of the evidence that Davidson was negligent in attempting a left turn when it was unsafe to do so. Plaintiffs as passengers in the taxicab are entitled to recovery except where the carrier has exercised the highest degree of care, which we think was not established in this case.
The more serious issue presented is whether or not Dozier was guilty of negligence which was a proximate cause of the accident. Any actionable negligence on his part would render the insurer of his vehicle liable for the reason that the two plaintiffs could not in any wise be guilty of contributory negligence.
The plaintiffs charge that Dozier was negligent in several particulars, including among such, the failure to maintain a proper lookout. This charge is the only one that we find supported by any substantial evidence. There is presented a serious question as to whether Dozier was, in fact, guilty of any negligence. The trial judge in his reasons for judgment accepted the testimony of Davidson that the taxi in making its left turn was obliged to pass a truck also engaged in making a left turn from the innermost westbound traffic lane of Barksdale Boulevard to proceed southward into Hamilton Lane. From this deduction the judge then reasoned that Dozier should have observed this maneuver and realized the taxi was committed to crossing the thoroughfare. As further indication of the failure of Dozier to make proper observation ahead, is the fact that the impact occurred after Davidson had proceeded approximately two-thirds of the way across the two westbound traffic lanes.
Our examination of the testimony does not reveal that the judgment which has been appealed to this court, holding both drivers were guilty of negligence, is manifestly erroneous. Cf. Sullivan v. Locke, La.App. 1954, 73 So.2d 616. There remains for our consideration the question of quantum. Counsel for appellees earnestly insists the awards were inadequate and by answer to the appeal asks that they be increased. Both appellants argue the amounts awarded are excessive.
Nathan Hardin was severely shaken up, suffered from bruises and soreness over a major portion of his body, and received fractures of the eighth, ninth, tenth and twelfth ribs. Also he complained that the muscles of his back were sprained in the sacroiliac region. Loss of earnings for five and one-half weeks was proved in the sum of $137.50, and medical expenses for himself and his wife in the amount of $123.07. Both of the plaintiffs were examined by Dr. L. V. Landry following the accident and his testimony furnishes proof of the existence of minor injuries and fractures to the ribs. Although such fractures were not demonstrable later when Hardin was examined by Dr. Willis J. Taylor, the occurrence of the fractures of the eighth, ninth, tenth and twelfth ribs is not seriously questioned, even by Dr. Taylor. Hardin was fitted by Dr. Landry with a rib belt which he wore until September 8, 1958, when it was stolen, and thereafter he wore a canvas belt constructed by his wife. Plaintiff, a colored man sixty-six years of age, was regularly employed as a yard man with earnings which averaged $25 per week. The medical evidence fully supports the finding that he was unable to continue his work until a lapse of five and one-half weeks from the time of the accident. The court awarded the sum of $750.00 for pain and suffering, thus making a total award in favor of Nathan Hardin of $1,010.50. We *241 find this award neither excessive nor inadequate.
The lay and medical testimony disclosed that Carrie Hardin was shaken up and sustained bruises and contusions to her right side, right hip, right leg and upper right buttocks. The trial judge determined Carrie Hardin had suffered a good deal and was still suffering at the time of trial, although her injuries did not appear to be as serious as she complained of. We approve the award by the trial judge in her favor for $200 as being correct.
The judgment will be affirmed, the defendants being cast for all costs.